```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UFCW LOCAL 56 HEALTH AND WELFARE FUND and its Trustees: Mark Lauritsen, William A. Meyer, Anthony Benigno, John Cisternino, John Calleri, Rick McGinley, Derek Kinney, Joan Williams and David Gillis,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BRANDYWINE OPERATING PARTNERSHIP, L.P., a Delaware limited partnership, and BRANDYWINE REALTY TRUST, as general partner of Brandywine Operating Partnership, L.P.,<br><br>　　　　　Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 05-2435(JEI)<br><br>**OPINION** |

**APPEARANCES:**

O'BRIEN, BELLAND & BUSHINSKY, LLC
By: Mark E. Belland, Esq.
　　Steven J. Bushinsky, Esq.
The Executive Plaza
2111 New Road, Suite 101
Northfield, NJ 08225
　　Attorneys for Plaintiffs

PEPPER HAMILTON LLP
By: Jeffrey A. Carr
300 Alexander Park, CN 5276
Princeton, NJ 08543
　　Attorneys for Defendants

**IRENAS**, Senior District Judge:

　　Presently before the Court is the motion by Defendants Brandywine Operating Partnership, L.P., and Brandywine Realty Trust (collectively "Brandywine") to dismiss the Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).[1]

For the reasons set forth below, Brandywine's motion will be granted in its entirety.

## I.

UFCW Local 56 Health and Welfare Fund (the "Fund") is a multi-employer welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Fund provides health benefits to covered employees and specified family members.

Brandywine Realty Trust is a real estate investment trust engaged in leasing suburban office and industrial properties. Brandywine Realty Trust is the sole general partner of Brandywine Operating Partnership, L.P.

The parties' dispute centers on a lease for office space located in Cherry Hill, New Jersey. On March 17, 2004, the Fund[2] entered into a lease with Brandywine Operating Partnership, L.P., which was for a ten year term, rent payable monthly. The total amount of rent over the term would amount to $579,912.50, with additional rent payments for operating expenses and taxes. The parties did not have any other relationship prior to or

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] Trustee Anthony Cinaglia signed on behalf of the Fund. He is no longer a trustee.

independent of the lease agreement.  The Fund asserts that it does not need the office space and is not currently occupying the space.[3]  It now seeks to be released from the lease.

The Complaint alleges that: (1) the Trustee who signed the lease did not have the consent or authorization to execute the agreement on the Fund's behalf; (2) the lease transaction is a prohibited transaction under ERISA; and (3) as a result of (1) and (2), Brandywine has been unjustly enriched.  Plaintiffs seek a declaration "whether the lease is void and unenforceable as a result of ERISA, and whether the lease is valid and enforceable against the Fund in the absence of approval by the Fund's Board of Trustees."  (Compl. ¶ 22)  They also seek injunctive relief, rescission of the lease, and restitution of rent paid by the Fund.

Brandywine responds that the ERISA counts fail to state a claim upon which relief can be granted because Brandywine is not a "party in interest" as defined by ERISA, and as such, ERISA does not apply.  Brandywine further suggests that since there is no ERISA issue, the Court should decline to exercise jurisdiction over the remaining state claims.

---

[3] Brandywine has filed an action in New Jersey state court alleging that the Fund unilaterally vacated the premises in November, 2004.  The state court action has been stayed pending this Court's decision.

II.

Under Rule 12(b)(6), a court is required to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  *Board of Trustees of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wetttlin Assoc.,* 237 F.3d 270, 272 (3d Cir. 2001).  The relevant question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that party will ultimately prevail.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of a court to address the merits of the plaintiff's complaint.  "Dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993) (citations omitted).  The threshold to withstand a motion to dismiss under Rule 12(b)(1) is lower than that required to withstand a Rule 12(b)(6) motion.  *Id.*

III.

A.

ERISA Section 406(a)(1) supplements plan fiduciaries' general duty of loyalty to the plan's beneficiaries by "categorically barring certain transactions 'likely to injure the pension plan.'" *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241-42 (2000) (quoting *Comm'r v. Keystone Consol. Indust., Inc.*, 508 U.S. 152, 160 (1993)). Specifically, ERISA identifies certain prohibited transactions including: "(A) sale or exchange, or leasing, of any property between the plan and a party in interest; . . . (C) furnishing of goods, services, or facilities between the plan and a party in interest; and (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan." ERISA §§ 406(a)(1).

The question here is whether Brandywine is a "party in interest" under ERISA. A party in interest is defined as:

> (A) any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian), counsel, or employee of such employee benefit plan;
>
> (B) a person providing services to such plan;
>
> (C) an employer any of whose employees are covered by such plan;
>
> (D) an employee organization any of whose members are covered by such plan;
>
> (E) an owner, direct or indirect, of 50 percent or more of--

5

        (i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of a corporation.[,]

        (ii) the capital interest or the profits interest of a partnership, or

        (iii) the beneficial interest of a trust or unincorporated enterprise, which is an employer or an employee organization described in subparagraph (C) or (D);

(F) a relative (as defined in paragraph (15)) of any individual described in subparagraph (A), (B), (C), or (E);

(G) a corporation, partnership, or trust or estate of which (or in which) 50 percent or more of–

        (i) the combined voting power of all classes of stock entitled to vote or the total value of shares of all classes of stock of such corporation,

        (ii) the capital interest or profits interest of such partnership, or

        (iii) the beneficial interest of such trust or estate, is owned directly or indirectly, or held by persons described in subparagraph (A), (B), (C), (D), or (E);

(H) an employee, officer, director (or an individual having powers or responsibilities similar to those of officers or directors), or a 10 percent or more shareholder directly or indirectly, of a person described in subparagraph (B), (C), (D), (E), or (G), or of the employee benefit plan; or

(I) a 10 percent or more (directly or indirectly in capital or profits) partner or joint venturer of a person described in subparagraph (B), (C), (D), (E), or (G).

29 U.S.C. § 1002(14). The Fund asserts that "*[a]s a result of the Lease*, defendants are parties in interest to the Fund,"

(Compl. ¶ 12) (emphasis added), as a "person providing services to the Fund." 29 U.S.C. § 1002(14)(B). The Fund does not allege any prior relationship between the parties. Rather, it argues that Brandywine became a party in interest "when the lease was executed because it then provided services to the Fund. Those services include Brandywine's provision of office space to the Fund." (Opp. Br. at 4). Essentially, the Fund argues that the allegedly prohibited transaction itself makes Brandywine a party in interest, and therefore the transaction is void under ERISA. The Court disagrees with this logic.

ERISA's prohibitions on certain transactions "seek to prevent plan fiduciaries from 'engaging in certain types of transactions that had been used in the past to benefit other parties at the expense of the plans' participants and beneficiaries.'" *Marks v. Independence Blue Cross*, 71 F. Supp. 2d 432, 437 (E.D. Pa. 1999) (quoting *Reich v. Compton*, 57 F.3d 270, 275 (3d Cir. 1995)); *see also Harris Trust & Sav. Bank*, 530 U.S. at 242 ("Congress defined 'party in interest' to encompass those entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries."). In particular, the prohibited transaction rules seek to prevent "self-dealing" and "sweetheart deals" that carry a high risk of "corruption and loss of plan assets." *Marks*, 71 F. Supp. 2d at 437-48.

In light of ERISA's goal with respect to these types of

transactions, the Court cannot interpret "party in interest" to include Brandywine, an independent lessor of office space with no other relationship to the Fund. Such an arms-length transaction does not carry the risk of self-dealing that Congress sought to avoid. Brandywine's leasing of office space to the Fund simply is not a transaction inherently "likely to injure the pension plan." *Harris Trust & Sav. Bank,* 530 U.S. at 241-42.

To be a "person providing services" under Section 1002(14)(B), a party must have a relationship with the pension plan that preexists, or is independent of, the relationship created by the allegedly prohibited transaction. This interpretation is consistent with the surrounding text of the statute which clearly appears to contemplate a preexisting or independent relationship with the plan, for example, as an officer of the plan, an employer whose employees are covered by the plan, or a controlling shareholder. *See* 29 U.S.C. § 1002(14)(A), (C), (E).

Moreover, to interpret the statute otherwise would render every party who contracts with the Fund a party in interest. Such a reading would "upset the carefully crafted and detailed legislative scheme" reflected in Section 1002(14) and disregard the Third Circuit's direction that "courts should not attempt to adjust the balance [between competing interests] Congress has struck" with ERISA. *Reich*, 57 F.3d at 277.

8

As a result of our holding that Brandywine is not a party in interest, the lease transaction was not a prohibited transaction under ERISA as a matter of law.  The Fund is therefore not entitled to relief under any set of facts consistent with its allegations with regard to its ERISA claims.  Accordingly, the Court will dismiss the ERISA counts.

B.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and will dismiss those counts without prejudice pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367(c)(3).

IV.

For the reasons stated above, Brandywine's Motion to Dismiss will be granted in its entirety.  The Court will enter an appropriate order.

Dated: October  28 , 2005

                                       s/*Joseph E. Irenas*
                                       **JOSEPH E. IRENAS, S.U.S.D.J.**

9